UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BENJAMIN P. FOREMAN,

       Petitioner,

v.                                       Case No.14-14925

J. A. TERRIS,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR A
DECLARATORY JUDGMENT AND FOR RELEASE FROM CUSTODY
AND SUMMARILY DISMISSING THE HABEAS PETITION**

This is a *pro se* habeas corpus action under 28 U.S.C. § 2241. Petitioner Benjamin P. Foreman is an inmate at the Federal Correctional Institution in Milan, Michigan. He seeks to be re-sentenced without consideration of a career-offender designation in his record. For the reasons that follow, the habeas petition will be dismissed and the pending motions will be denied.

**I. BACKGROUND**

**A. Petitioner's Convictions, Sentence, and Previous Actions**

In 2006, Petitioner pleaded guilty in the Western District of Michigan to: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of firearms during, and in furtherance of, drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). On September 7, 2006, United States District Judge Robert Holmes Bell sentenced Petitioner to two concurrent terms of 240 months in prison for the first and second

counts and to a consecutive term of sixty months for the third count. *See United States v. Foreman*, No. 1:06-cr-00030 (W.D. Mich. Sept. 7, 2006). Petitioner appealed his sentence, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for lack of jurisdiction because Petitioner's plea agreement included a waiver of the right to appeal his sentence. *See United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 7, 2007).

In 2008, Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Judge Bell determined that two of Petitioner's claims lacked merit and that his other claims were barred by his plea agreement. *See Foreman v. United States*, No. 1:08-cv-01115, 2010 WL 2854274 (W.D. Mich. July 19, 2010). The Sixth Circuit subsequently denied a certificate of appealability. *See Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).

In 2010, Petitioner moved to withdraw his guilty plea on count three. Judge Bell transferred the motion to the Sixth Circuit after construing the motion as a second or successive motion to vacate sentence. *See United States v. Foreman*, No. 1:06-cr-00030, 2010 WL 3273503 (W.D. Mich. Aug. 19. 2010). Petitioner appealed Judge Bell's decision, but the Sixth Circuit dismissed his appeal for want of prosecution. *See In re Foreman*, No. 10-2077 (6th Cir. Oct. 13, 2010).

In the meantime, Petitioner filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend Judge Bell's decision denying his motion to vacate sentence. Judge Bell denied three of Petitioner's claims and transferred his remaining four new claims to the Sixth Circuit as a second or successive motion to vacate sentence. *See Foreman v. United States*, No. 1:08-cv-01115, 2010 WL 4102544 (W.D. Mich. Oct. 18,

2010). The Sixth Circuit, however, remanded the case, stating that Judge Bell should have considered all of Petitioner's claims instead of transferring four of the claims to the Sixth Circuit. *See In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, Judge Bell determined that the four new claims raised in Petitioner's motion to alter or amend the judgment did not require amendment of his judgment. *See Foreman v. United States*, No. 1:08-cv-01115 (W.D. Mich. Aug. 14, 2012). The Sixth Circuit denied Petitioner's subsequent request for a certificate of appealability. *See Foreman v. United States*, No. 12-2202 (6th Cir. Mar. 13, 2013).

Petitioner also filed three habeas corpus petitions in federal court. All three petitions were summarily dismissed. *See Foreman v. Terris*, No. 14-13336, 2014 WL 4658714 (E.D. Mich. Sept. 17, 2014)*; Foreman v. Terris*, No. 13-12154, 2013 WL 3582916 (E.D. Mich. July 12, 2013); *Foreman v. Terris*, No. 13-10734, 2013 WL 1163377 (E.D. Mich. Mar. 20, 2013). And, on October 27, 2014, the Sixth Circuit denied Petitioner's motion for an order authorizing the District Court to consider a second or successive motion to vacate sentence under § 2255. *See In re Foreman*, No. 14-1478 (6th Cir. Oct. 27, 2014).

### B. The Instant Petition and Pending Motions

On December 29, 2014, Petitioner filed the pending habeas corpus petition. He claims that: (1) the Bureau of Prisons did not comply with Program Statement 5800.11 and failed to adequately review his grievance about the alleged error in his presentence investigation report (PSIR); (2) his sentence was imposed on the basis of materially untrue or unreliable information concerning his criminal history; and (3) his sentence was enhanced by a state judgment that was dismissed and expunged from his record.

By way of explanation, Petitioner alleges that, in 2006, a federal probation officer prepared a PSIR in which he designated Petitioner as a career offender, in part, because of a state crime for delivery/manufacture of less than fifty grams of cocaine. The probation officer assessed one criminal history point for the offense. Judge Bell allegedly adopted the PSIR and enhanced Petitioner's sentence due to the probation officer's designation of Petitioner as a career offender. Petitioner contends that the state crime for delivery of cocaine should have been listed as a pending charge, not as a prior adult conviction. According to Petitioner, the probation officer's use of the state crime to designate him a "career offender" raised his offense level from 32 to 37 and thereby increased his sentence by ten years. And because the state drug case ultimately was dismissed, Petitioner contends that he should be re-sentenced without consideration of the career-offender enhancement. He also seeks to have the state charge expunged from his central office file with the Bureau of Prisons.

On January 29, 2015, Petitioner filed a motion for a declaratory judgment and an emergency motion for release from custody. In the former motion, Petitioner seeks to have the Court declare that he is not a career offender because his prior state case for delivery/manufacture of less than fifty grams of cocaine was dismissed and expunged.

In the latter motion, Petitioner seeks release from custody pending a decision on his habeas petition. He claims that he will live with his parents until he can marry his fiancee and that he will seek employment as a paralegal. He also alleges that he will be a productive member of society and that he will not flee or pose a danger to the community. On March 26, 2015, Petitioner filed a third motion, seeking issuance of the writ or a hearing.

## II.  ANALYSIS

### A.  The Bureau of Prisons Conduct
(claim one)

In his first claim, Petitioner asserts that the Bureau of Prisons failed to adequately review the alleged error in his PSIR.  The habeas petition and attached exhibits indicate that Petitioner attempted to correct the allegedly erroneous information in his PSIR by pursuing administrative remedies with the Bureau of Prisons.  Prison officials then asked the probation officer who prepared Petitioner's PSIR to respond to his grievance.  The probation officer responded on April 16, 2014, that the PSIR was correct at the time of sentencing and that neither Petitioner, nor his attorney, objected to the scoring of the sentencing guidelines.

Petitioner alleges that he did not receive a copy of the probation officer's response until July 3, 2014.  He claims that the Bureau's delay in sending him the probation officer's response to his grievance was an abuse of discretion and constituted arbitrary and capricious conduct under 5 U.S.C. § 706(2)(A).

Section 706(2)(A) states that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  However, there is no indication in the record before the court that the Bureau deliberately, arbitrarily, or capriciously withheld information from Petitioner to prevent him from exhausting his administrative remedies.

Petitioner nevertheless claims that the Bureau acted arbitrarily and capriciously by failing to issue a final decision on his claim about the allegedly inaccurate information

5

in the PSIR. The Office of General Counsel for the Bureau of Prisons had not issued a decision on Petitioner's grievance as of December 8, 2014, despite an extended deadline of October 11, 2014. But the delay apparently was due to a backlog of administrative appeals. According to Petitioner, the Office of General Counsel informed his fiancee that it had 6,000 pending grievances and was currently answering grievances filed in March of 2013. *See* Pet. for Writ of Habeas Corpus, at p. 2.

Petitioner has failed to show that the Bureau's acts and omissions were arbitrary, capricious, or an abuse of discretion. Furthermore, "the mere presence of hearsay or inaccurate information in a [presentence report] does not constitute a denial of due process. The defendant is afforded due process protection against sentencing on the basis of misinformation through his opportunity to challenge before the court any statement in the report that he contends is inaccurate." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998). Petitioner therefore is not entitled to habeas corpus relief on the basis of allegedly incorrect information in his PSIR.

### B. The Sentence
(claims two and three)

Petitioner's remaining two claims challenge his federal sentence. He alleges that Judge Bell relied on materially untrue or unreliable information about his criminal history when he sentenced Petitioner as a career offender on the basis of the state drug charge, which supposedly was dismissed and expunged from Petitioner's record. Petitioner contends that, if the information about the state charge had not been included in his PSIR, he would not have been designated a career offender, and his sentence would have been ten years shorter. He seeks to be re-sentenced without consideration

6

of the career offender designation.

The primary avenue for federal prisoners to challenge the legality of their sentences is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). An exception to this rule applies if the prisoner falls within the "savings clause" of § 2255, which reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

> Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention. The Sixth Circuit has found the savings clause to apply only where the petitioner also demonstrates "actual innocence." *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757.

*Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner has not alleged that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence. Nor is he claiming to be innocent of the federal crimes for which he is incarcerated. And even though he previously filed a motion under § 2255 and has been denied permission to file a second or successive motion under § 2255,

> the § 2255 remedy is not considered inadequate or ineffective simply

7

> because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Charles*, 180 F.3d at 756 (internal and end citations omitted).  In short, a motion under "§ 2255, not § 2241, is the proper vehicle by which [Petitioner] should challenge his career offender sentence enhancement." *Kellogg v. Snyder*, 48 F. App'x 114, 115 (6th Cir. 2002).

### III.  CONCLUSION

Petitioner has not met his burden of showing that a § 2255 motion is an inadequate or ineffective remedy for raising his second and third claims, and his first claim does not warrant habeas relief.  Accordingly,

IT IS ORDERED that Petitioner's motion for a judgment declaring that Petitioner is not a career offender (Dkt. #2) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's application for the writ of habeas corpus (Dkt. #1) is summarily **DISMISSED** without prejudice to any other remedies Petitioner may wish to pursue.

IT IS FURTHER ORDERED that Petitioner's motion for release from custody (Dkt. #3) is **DENIED** as moot.

IT IS FURTHER ORDERED that Petitioner's Motion for Issuance of Writ or Hearing (Dkt. # 5) is **DENIED**.

                                                                   S/Robert H. Cleland
                                                                   ROBERT H. CLELAND
                                                                   UNITED STATES DISTRICT JUDGE

Dated: April 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2015, by electronic and/or ordinary mail.

                                                                   S/Lisa Wagner
                                                                   Case Manager and Deputy Clerk
                                                                   (313) 234-5522