UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Petitioner,

v.                                                   Case No. 14-14925

J.A. TERRIS,

    Respondent.

                                                 /

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Before the court is Petitioner Benjamin P. Foreman's Motion for Reconsideration, (Dkt. # 7), which requests that the court reconsider its dismissal of Foreman's Petition for Writ of Habeas Corpus. (Dkt. # 6.) The court's previous order set forth the rather lengthy factual and procedural history of this case, and familiarity with such history is presumed. No hearing is needed on this matter. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Foreman's Motion.

**I. STANDARD**

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684

(E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

## II. DISCUSSION

Petitioner advances three arguments with which he hopes to persuade the court to reconsider its denial of his petition. All three fail.

First, he argues that the court did not address the merits of the argument raised in "Issue One - Part II" of his petition. (Dkt. #7, Pg. ID 114.) In that section, Foreman argued that he is entitled to have prejudicial errors expunged from his prison files under the Fourth Circuit's opinion in *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979). (Dkt. # 39, Pg. ID 39.) This argument was presented in a memorandum included as part of a large exhibit labeled "Exhibit 1 (Administrative Remedies)" and therefore was not presented as part of Petitioners grounds for relief.

Nonetheless, even if it had been properly presented, the court finds that Petitioner is not entitled to relief under *Paine*. The Sixth Circuit has recognized that a prisoner has a limited right to have erroneous information expunged from his prison file. *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (citing *Paine*, 595 F.2d at 201). "The prisoner must establish that: 1) certain information is in the prison file; 2) the information is false; and 3) the information is relied on to a constitutionally significant degree." *Id.* Petitioner's claim fails because even assuming, *arguendo*, Petitioner could meet the first two elements, he cannot meet the third. Petitioner has identified his sentence and his security-risk classification in prison as constitutionally significant results of the allegedly erroneous information. The sentence, the court has already held, must be challenged in a § 2255 petition, and *Paine* claims

are challenges to prison procedures, not a prisoner's sentence. *See Williams v. Fed. Bureau of Prisons & Parole Comm''n*, 85 F. App'x 299, 304 (3d. Cir. 2004) (discussing the requirements under *Paine* to "challenge prison procedures"). As for Petitioner's classification in prison, federal inmates have no constitutional right to a particular classification, *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976), or a particular security level, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Johnson*, 21 F. App'x at 332. Thus, reconsideration is not warranted on this issue.

Second, Petitioner argues that *Cohen v. United States,* 593 F.2d 766 (6th Cir. 1979)*,* requires the court to consider issues that should have been brought by motion under § 2255 when it is already considering other issues under § 2241. Petitioner is wrong. In *Cohen*, the district court dismissed a § 2241 petition brought by a prisoner who alleged that the government had failed to live up to the terms of a plea agreement with regard to certain parole procedures because the court believed that § 2255 was the proper vehicle for such a claim. *Id.* at 767. The Sixth Circuit merely disagreed, and held that such claims may be brought in a petition under § 2241. *Id.* at 771. It did not hold, as urged, that a petitioner proceeding under § 2241 may also raise issues that properly should have been brought by motion under § 2255. Thus, this argument fails.

Lastly, Petitioner asks the court to invoke the Declaratory Judgment Act to afford him relief. This argument was not raised in his petition. A motion for reconsideration should not be used to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion. *See Maiberger v. City of Livonia*, 724 F. Supp. 2d 759 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of

a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). The local rules encourage finality in opinions and thus discourage parties from holding back arguments which could be raised in the initial round of briefing. As such, the court declines to entertain this new argument here.

For these reasons,

IT IS ORDERED that Petitioner Benjamin P. Foreman's Motion for Reconsideration (Dkt. # 7) is DENIED.


                                          s/ Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: March 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 7, 2016, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522